IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 10-37506-H3-13 |
| DEVODA AND MARISA DAVISON, § | |
| § | |
| DEBTORS § | |

**WESTSTREET INVESTMENTS, L.P.'S OBJECTION TO DEBTORS' MOTION TO EXTEND STAY [DOCKET NO. 9]**

TO THE HONORABLE LETITIA PAUL
UNITED STATES BANKRUPTCY JUDGE:

  Weststreet Investments, L.P. ("Creditor") files this Objection to Debtors' Motion to Extend Automatic Stay Regarding All Creditors [Docket No. 9] and would respectfully show unto the Court as follows:

  1. Creditor is the holder of a secured claim on the Debtors' homestead located at 3410 Legion, Houston, Texas 77026 (the "Property"), which secures a debt in the principal amount of $63,375.36 as of September 2, 2010, plus interest, costs and expenses as allowed by law and the applicable loan documents.

  2. This is the sixth bankruptcy case filed by Debtors in this District. The Debtors' last bankruptcy case was dismissed 43 days prior to the instant filing. That case was filed on September 24, 2009. No Chapter 13 plan was confirmed and Creditor received no payments during that Chapter 13 case. The Debtors' previous, previous bankruptcy case, Case No. 05-81600, was filed on June 4, 2005 and dismissed on July 13, 2009, less than 3 months before the 2009 bankruptcy filing. None of the previous bankruptcy filings have resulted in a confirmed Plan being fully performed. The last 2 cases were dismissed for failure to make Chapter 13 plan payments.

  3. Debtors filed this latest case on September 2, 2010. On September 10, 2010, 8 days later, Debtors filed their Motion To Extend Automatic Stay [Docket No. 9] ("Motion To Extend"). The

1

Court set a hearing on the Motion To Extend for September 23, 2010 at 11:30 and required Debtors' counsel to send notice of the hearing and file a certificate of service of the hearing setting. Upon information and belief, Debtor gave no notice to Creditor of the hearing. Creditor discovered the hearing through a review of PACER on September 22, 2010.

4. In the Motion To Extend, the Debtors allege that the stay should be extended as to all creditors because the previous case was dismissed due to "employment circumstances" and Debtors current income will allow Debtor to successfully complete their Chapter 13 plan.

5. Creditor objects to the Motion To Extend for the following reasons. Under section 362(c)(3)(C), there is a rebuttable presumption that the case was not filed in good faith for numerous reasons which include: (a) the latest Bankruptcy Case was pending within a day of the instant filing; (b) the latest Bankruptcy Case was dismissed because Debtors failed to perform under their confirmed Chapter 13 Plan; and (c) there does not appear to have been a substantial change in the financial or personal affairs of the Debtors as no affidavit has been presented by the Debtors which avers to the "changed circumstances"

6. Creditor does not believe that Debtors have presented clear and convincing evidence of changed circumstances since the July 22, 2010 dismissal of their latest bankruptcy filing. No specifics have been provided on the changed circumstances.

7. Moreover, Debtors have failed to present clear and convincing evidence that they can successfully complete their Chapter 13 Plan as it does not appear that a Chapter 13 Plan has been filed with the Court as of the time of the filing of this objection. The filed Schedule I [Docket No. 11] shows no income for the Debtors. Debtors have been in bankruptcy almost continuously since June 2005, with the protection of the bankruptcy stay. No payments have been received on the mortgage debt for a considerable period of time. Based on these facts, it would be inequitable to

extend the stay in this case as to Creditor.

8. For these reasons and any other reason under applicable law, Creditor submits that the Debtors cannot satisfy the objective and subjective tests to overcome the presumption of lack of good faith set forth in the Bankruptcy Code.

9. For these reasons, Creditor requests that the Court deny the Motion To Extend as to Creditor, or, alternatively, condition the stay upon Debtors making all Chapter 13 Plan payments timely to the Chapter 13 Trustee and if the payments are not made, the automatic stay terminates, in its entirety, as to Creditor with no notice, and further granting in rem relief against the Property, as part of any adequate protection.

WHEREFORE, PREMISES CONSIDERED, Weststreet Investments, L.P., its agents and assigns, respectfully requests that the Court deny the Motion To Extend Automatic Stay as to Creditor for the reasons set forth herein, or alternatively, condition the stay upon Debtors making all Chapter 13 Plan payments timely to the Chapter 13 Trustee and if the payments are not made, the automatic stay terminates, in its entirety, as to Creditor with no notice, and further granting in rem relief against the Property, as part of any adequate protection and grant such other and further relief, at law and in equity, as is just.

Respectfully submitted,

By:/s/ Preston T. Towber
Preston T. Towber
State Bar No. 20152600
The Towber Law Firm PLLC
6750 West Loop South, Suite 920
Bellaire, Texas 77401
Telephone: (832) 485-3555
Facsimile: (832) 485-3550
ATTORNEY FOR WESTSTREET
INVESTMENTS, L.P.

## CERTIFICATE OF CONFERENCE

The undersigned certifies that he contacted Debtors' counsel, Frederick Lloyd McGuire on September 22, 2010 at approximately 4:00 p.m. on the objection. A message was left with Le Ann, the receptionist for Mr. McGuire to call counsel for Creditor. At the time of the filing of this Objection, no return call had been received from Debtors' counsel.

/s/ Preston T. Towber

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Objection to Motion To Extend Stay as to All Creditors has been served upon all parties listed below either by postage paid United States mail or electronically by the Court on this 22nd day of September 2010.

Devoda Lee Davison  
Marisa Davison  
5811 Avenue D  
Rosharon, Texas 77583  

Frederick Lloyd McGuire  
17101 Kuykendahl #220  
Houston, Texas 77068

William Heitkamp  
Chapter 13 Trustee  
9821 Katy Freeway, Suite 590  
Houston, Texas  77024

/s/ Preston T. Towber  
Preston T. Towber