

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
09/24/2010

|  |  |
|---|---|
| IN RE | ) |
| DEVODA L. DAVISON and MARISA D. DAVISON, | ) CASE NO. 10-37506-H3-13 |
| Debtors, | ) |

## MEMORANDUM OPINION

The court has held a hearing on the "Motion to Extend Automatic Stay" (Docket No. 9) filed by the Debtors in the above captioned Chapter 13 case. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Devoda L. Davison and Marisa D. Davison ("Debtors") filed the voluntary petition in the instant case under Chapter 13 of the Bankruptcy Code on September 2, 2010.

Prior to the instant case, Debtors filed six previous Chapter 13 cases. Debtors filed Case No. 95-40151-H4-13 on January 3, 1995. A plan was confirmed on April 25, 1995. The case was dismissed on September 26, 1995. Debtors filed Case No. 95-48901-H3-13 on November 13, 1995. The case was dismissed on

April 3, 1996.  Debtors filed Case No. 98-36097-H3-13 on June 10, 1998.  The case was dismissed on October 13, 1998.  Debtors filed Case No. 98-42489-H3-13 on November 30, 1998.  The case was dismissed on March 2, 1999.

Debtors filed Case No. 05-81600-G3-13 on June 4, 2005 (the "2005 Case").  A plan was confirmed on January 27, 2006.  The case was dismissed on July 13, 2009.

Debtors filed Case No. 09-37047-H3-13 on September 24, 2009 (the "2009 Case").  The case was dismissed on July 22, 2010.

Debtors filed the petition in the instant case on September 2, 2010.  On September 16, 2010, Debtors filed schedules.  Debtors' initial schedules indicated that Debtors had $214,676 in secured debts, $2,359 in unsecured priority debts, and $21,715 in unsecured nonpriority debts on the petition date in the instant case.  (Docket No. 11).  Debtors did not schedule a debt owing to the Internal Revenue Service, and did not include the Internal Revenue Service in their mailing list of creditors.

Debtors' initial Schedule I indicated that neither Debtor had any income.  Debtors' initial Schedule J indicated that Debtors had $3,055 in monthly expenses on the petition date in the instant case.  (Docket No. 11).

On September 23, 2010, Debtors amended Schedules I and J twice.  Debtors' first amended Schedule I indicates that Mr. Davison has no income, and Mrs. Davison has $2,349.60 in net income.  Debtors' first amended Schedule J retains the $3,055.00

amount for monthly expenses. (Docket No. 14). Debtors' second amended schedule I indicates that Mr. Davison has $5,525.00 in net income and Mrs. Davison has $2,349.60 in net income, for a total of $7,874.60. Debtors' second amended Schedule J increases the amount of monthly expenses to $4,055. (Docket No. 19).

On September 23, 2010, Debtors filed an amended plan. Under the amended plan, Debtors propose to pay $2,382.00 per month to the Chapter 13 Trustee for 60 months, for a total of $142,920.00. Debtors propose distribution of $2,359.00 to their attorney, $25,907.03 to SWE Homes for mortgage arrears, $35,363.58 on claims secured by four vehicles, and $24,774.99 to unsecured creditors. Debtors also propose distributions of $761.97 per month as a regular monthly mortgage payment. (Docket No. 20).

In the instant motion, Debtors seek extension of the automatic stay. The motion is opposed by Weststreet Investments, L.P. ("Weststreet").[1]

At the hearing on the instant motion, Mr. Davison testified that he works as an independent contractor installing appliances in new homes.

Mr. Davison testified that, after the 2009 Case was dismissed, the Chapter 13 Trustee refunded approximately $11,000 to Debtors. He testified that Debtors used the funds to fix some

---

[1] Weststreet asserts a lien in Debtors' homestead. Its loan is serviced by SWE Homes.

of Mr. Davison's equipment, and gave some of the funds to Debtors' son, who had commenced attending college.

Mr. Davison testified that the 2005 Case was dismissed because the Internal Revenue Service asserted a claim for approximately $90,000 in unpaid taxes. He testified that he had not filed tax returns for two years. He testified that, after the 2009 Case was dismissed, he dealt with the tax issues by hiring someone to prepare his tax returns.

In the 2009 Case, the Internal Revenue Service filed a proof of claim, in the amount of $120,891.48, of which it asserted $97,121.57 was entitled to priority. (Claim No. 7-1, Case No. 09-37047-H3-13).

Mr. Davison testified that Debtors did not provide for payment to IRS in the Chapter 13 plan because "I'm actually in the process of working something out with IRS." On cross-examination, he admitted that Debtors have not contacted IRS directly, nor has anyone contacted IRS on their behalf. The negotiations he believes he has undertaken appear to be between Mr. Davison and two entities he considered employing to negotiate with IRS.

Aurelia Gutierrez, an employee of SWE Homes, testified that Debtors' regular monthly mortgage payment has increased from $780.00 to $918.55 as a result of an escrow shortage. She testified that SWE Homes has not received payments on the home mortgage since August, 2009. She testified that the payment SWE

Homes received in August, 2009 was applied to the payment due on the loan for June, 2008.

## Conclusions of Law

Section 362(c)(3)(A) of the Bankruptcy Code provides that the automatic stay shall terminate on the 30th day after the filing of a case if the debtor has had a case pending within the preceding one-year period.

Section 362(c)(3)(B) of the Bankruptcy Code provides that the court may extend the stay, on motion of a party in interest, if the party "demonstrates that the filing of the later case is in good faith as to the creditors to be stayed."

Section 362(c)(3)(C)(i)(II)(cc) of the Bankruptcy Code provides that a case is presumptively filed not in good faith if the previous case was dismissed after the debtor failed to perform the terms of a plan confirmed by the court.  The presumption may be rebutted by clear and convincing evidence to the contrary.

The burden of proof as to whether there has been a change of circumstances or other reason to believe that the new case will result in a confirmed plan is on the Debtor.  <u>In re Charles</u>, 334 B.R. 207 (Bankr. S.D. Tex. 2005).

In the instant case, a presumption applies that the case was not filed in good faith, because Debtors failed to perform the terms of the plan in Case No. 09-37047-H3-13.  The Debtors have not rebutted the presumption.  Debtors were aware of

the outstanding tax claim as early as 2009, when the 2005 Case remained pending.  Debtors did not adequately address their outstanding tax claim in the 2009 Case, and have failed not only to provide for the claim in the instant case, but also have failed to notify IRS that the instant case was filed.  Debtors' actions in giving a significant portion of the refund from payments made in the 2009 Case to their son, in failing to prepare complete schedules, notwithstanding having previously filed six other cases, and in neglecting to list the IRS as a creditor, are not consistent with a good faith effort to reorganize.  The court concludes that the instant motion should be denied.

Based on the foregoing, a separate Judgment will be entered denying the "Motion to Extend Automatic Stay" (Docket No. 9) filed by the Debtors in the above captioned Chapter 13 case.

Signed at Houston, Texas on September 24, 2010.

*Letitia Z. Paul*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE